UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| UNITED STATES OF AMERICA, | No. CR 11-00718 JSW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHARLES WESTLEY BURNS, | |
| Defendant. | |

On April 12 and 13, 2012, the court held bail hearings in this case. The court continued the bail hearing for good cause to Monday, April 23, 2012, at 9:30 a.m. to allow Pretrial Services to evaluate additional sureties and conditions of release.

Defense counsel also raised the possibility of releasing Mr. Burns provisionally so that he can address his pending state parole violation. Her proposal contemplates that this court would issue a warrant and/or detainer to maintain a federal hold during the pendency of the parole proceedings. Her equitable arguments about the appropriateness of this procedure centered on the likelihood that Mr. Burns would be in a time-served range, meaning, the parole board would revoke his parole and sentence him to a time-served range. By the time the parole process is completed, the government likely will have determined whether it will pursue an appeal of the suppression order.

On April 12, 2012, the government indicated that it might be amenable to such a procedure, and the court continued the matter until April 13, 2012, to ensure that the government had sufficient time to evaluate the appropriate procedures to accomplish this and also to provide an opportunity for

1  Pretrial Services to evaluate additional sureties.  On April 13, 2012, different government counsel
2  was at the hearing, asked for detention, and offered to check with her supervisors about the release-
3  to-a-parole-hold procedure, advise defense counsel, and prepare a stipulation if the parties agreed.

4  At the hearing on April 23, 2012, the court will address the straight bail issue, as it must under
5  the bail statute.  But the alternate process of release to a parole hold and re-instatement of a federal
6  detainer -- at least absent the parties' stipulation -- is not necessarily within the court's authority
7  under the bail statute.  Given this procedural posture, the court issues this order so that the district
8  court may consider whether it wishes to refer the matter to the court for consideration at the April
9  23, 2012 hearing.

10  If the district court makes this referral, the court directs the parties to meet and confer about what
11  the appropriate procedure is to ensure that a federal hold remains in place during any release to the
12  parole proceedings.  The parties should jointly notify the court about that procedure by 2:30 p.m. on
13  Friday, April 20, 2012.  That notice should be e-filed and then emailed in word-processable form to
14  the court's orders box at lbpo@cand.uscourts.gov.  The court appreciates that the government may
15  oppose the procedure but wants to ensure that if the court orders it, the appropriate procedures are in
16  place to ensure a return to federal custody.

17  IT IS SO ORDERED.

18  DATED:    April 13, 2012

_____
LAUREL BEELER
United States Magistrate Judge

## DISTRICT COURT REFERRAL

21  The matter of the appropriateness of the release to the parole proceedings

22  _____ is

23  _____ is not

24  referred to the magistrate judge for consideration at the April 23, 2012 bail hearing.

25  IT IS SO ORDERED.

26  DATED:                                                                _____
JEFFREY S. WHITE
United States District Judge

ORDER (CR 11-00718 JSW)
2